FLOREA & CO., INC. *v.* UNITED STATES (No. 4579) [1]

United States Court of Customs and Patent Appeals, March 2, 1948

*William Whynman* for appellant.

*Paul P. Rao,* Assistant Attorney General (*Joseph F. Donohue,* special attorney, of counsel), for the United States.

[Oral argument February 10, 1948, by Mr. Whynman and Mr. Donohue]

Before GARRETT, Presiding Judge, and HATFIELD, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Unites States Customs Court in reappraisement No. 123772–A.

Merchandise consisting of wool knit gloves, quality 7107, was imported into the United States at the port of New York from Japan and entered at the invoice price which, it was claimed by the importer (appellant), was the export value of the goods as defined by section 402 (d) of the Tariff Act of 1930.

The gloves were entered at an alleged export value of 6.10 yen per dozen pairs which, according to the record, equals $1.76 per dozen pairs in United States currency. The merchandise was found by the local appraiser to have an export value of 5.90 yen per dozen pairs, or $1.70 per dozen pairs in United States currency. Accordingly, he appraised the merchandise at $5.50 per dozen pairs, at the American selling price, pursuant to the provisions of the Presidential proclamation, T. D. 48183, issued February 21, 1936, under authority of section 336 of the Tariff Act of 1930 which proclamation provided, so far as pertinent, as follows:

Now, therefore, I, Franklin D. Roosevelt, President of the United States of America, do hereby approve the said report of the United States Tariff Commission and do proclaim that the rates of duty shown by the said investigation to be necessary (within the limit provided in said section 336) to equalize such difference on knit gloves and knit mittens, finished or unfinished, wholly or in chief value of wool, valued as defined in subdivisions (c), (d), (e), and (f) of section 402 of the said act of June 17, 1930, in the order specified in section 402 (a) at not more than $1.75 per dozen pairs, are 40 cents per pound and 35 per centum ad

[1] C. A. D. 387.

valorem based upon the American selling price as defined in the said section 402 (g) of knit gloves and knit mittens, finished or unfinished, wholly or in chief value of wool, manufactured or produced in the United States.

The American selling price is defined by section 402 (g) as follows:

(g) AMERICAN SELLING PRICE.—The American selling price of any article manufactured or produced in the United States shall be the price, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery, at which such article is freely offered for sale to all purchasers in the principal market of the United States, in the ordinary course of trade and in the usual wholesale quantities in such market, or the price that the manufacturer, producer, or owner would have received or was willing to receive for such merchandise when sold in the ordinary course of trade and in the usual wholesale quantities, at the time of exportation of the imported article.

Prior to the proclamation by the President, gloves like those here involved were dutiable under paragraph 1114 (b) of the Tariff Act of 1930 which reads:

(b) Hose, half-hose, gloves, and mittens, finished or unfinished, wholly or in chief value of wool, valued at not more than $1.75 per dozen pairs, 40 cents per pound and 35 per centum ad valorem; valued at more than $1.75 per dozen pairs, 50 cents per pound and 50 per centum ad valorem.

On the trial before the trial court, and on appeal before the appellate division of the Customs Court, counsel for appellant claimed that the gloves were dutiable at their export value which was more than $1.75–$1.76–per dozen pairs and were, therefore, dutiable at the appropriate rates under paragraph 1114 (b), *supra*, and that the appraised value which in American currency was $5.50 per dozen pairs, was not in accordance with the proper dutiable value of the imported merchandise.

Evidence was submitted by each of the parties before the trial court. The court stated that appellant had failed to establish that the export value of the merchandise was 6.40 to 7.00 yen per dozen pairs, and that the record failed to establish any value of the merchandise different from that found by the appraiser, which the trial court held was the proper dutiable value thereof, and judgment was entered accordingly. On appeal, the appellate division of the Customs Court, one judge dissenting, after stating the issues in the case, stated that:

The contentions of the parties have been exhaustively reviewed upon oral argument and in briefs, and we have painstakingly examined the entire record. Upon the evidence before us we are of the opinion that appellant failed to make a *prima facie* case and hence we see no reason for disturbing the finding of the trial court that the—

* * * record herein fails to establish any value for the instant merchandise different from that found by the appraiser, which I hold to be the proper dutiable value. * * *

which finding and holding we adopt as our own. In view of this conclusion, we deem it unnecessary to discuss other contentions presented by appellant.

Judgment was entered accordingly.

Section 501 of the Tariff Act of 1930, in addition to providing that the value found by the appraiser should be presumed to be the value of the merchandise and that the burden was upon the party who challenges its correctness to prove otherwise, reads as follows:

The judge shall, after argument on the part of any of the interested parties requesting to be heard, render his decision in writing together with a statement of the reasons therefor and of the facts on which the decision is based. Such decision shall be final and conclusive upon all parties unless within thirty days from the date of the filing of the decision with the collector an application for its review shall be filed with or mailed to the United States Customs Court by the collector or other person authorized by the Secretary of the Treasury, and a copy of such application mailed to the consignee, or his agent or attorney, or filed by the consignee, or his agent or attorney, with the collector, by whom the same shall be forthwith forwarded to the United States Customs Court. Every such application shall be assigned by the court to a division of three judges, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the single judge, and, after hearing argument on the part of any of the interested parties requesting to be heard, shall affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceedings, and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor.

It is the duty of the trial court in cases of this character to *"render his decision in writing together with a statement of the reasons therefor and of the facts on which the decision is based."* [Italics supplied.]

There is no statement of the facts in the trial court's decision and the only reason given for its conclusion is that the record failed to establish any value different from that found by the appraiser, which the court held to be the proper dutiable value.

On appeal, the appellate division of the Customs Court did not set forth the facts or the reasons for its decision, as required by section 501, *supra*, which requires that it set "forth the facts upon which the finding is based and the reasons therefor" but, on the contrary, held that after exhaustively reviewing the record and considering the arguments and briefs of the parties, it was of opinion that appellant failed to make a *prima facie* case and that it saw no reason for disturbing the finding of the trial court, and judgment was entered accordingly.

Neither the trial court nor the appellate division of the Customs Court complied, no doubt through inadvertence, with the provisions of section 501, *supra*, in that they did not set forth the facts and the reasons for their conclusions upon which their judgments were entered, as provided in section 501, *supra*. We are of opinion, therefore, that the judgment of the appellate division of the Customs Court should be reversed and the cause remanded for proceedings in accord-

ance with the law pertaining to the involved issues. See *Downing & Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 235, T. D. 42243.

Since the case was submitted to this court, the following statement was received from the assistant attorney general which, so far as is pertinent, reads:

During the argument of the above entitled appeal questions were asked by the Court as to the legal sufficiency of the decisions of the trial judge and the appellate division of the Customs Court. It was suggested from the Bench that Section 501, Tariff Act of 1930, requires, in a reappraisement appeal, that both the trial judge and the appellate division shall render a decision in writing with a statement of reasons for the decision and of the facts upon which the decision is based.

This point was not considered in our brief because, in the position of appellee we were primarily concerned with a defense of the judgment of the lower court which had sustained the appraised value. Upon mature deliberation, however, it seems to us now that neither the appellate division nor the trial judge in the instant case stated the facts upon which the decision was based. It would seem appropriate that the decision under consideration should be reversed and remanded for that purpose. It seems to us that this point, being jurisdictional, should be settled before the Court of Customs and Patent Appeals proceeds with a consideration of the merits of the controversy.

Since the receipt of the quoted letter from the assistant attorney general, the court has received a communication from counsel for appellant in which it was intimated that the court has the power to weigh the evidence and make findings of fact in reappraisement cases. A reference to section 501, *supra*, is sufficient answer to counsel's contention. It provides that

The decision of the United States Customs Court shall be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs and Patent Appeals upon a question or questions of law only within the time and in the manner provided by section 198 of the Judicial Code, as amended.

The court has repeatedly held that it had no power in cases of this character to weigh the evidence but that, on the contrary, it was the duty of the trial court and the appellate division of the Customs Court to weigh the evidence and give the reasons for its decisions, in accordance with the provisions of section 501, *supra*.

Counsel for appellant states in his letter to the court that should the case be reversed and remanded, as hereinbefore indicated, " * * * it may necessarily involve a third appeal." In this connection, it may not be out of place to call attention to the fact that counsel for appellant in this case has assigned error—assignment No. 5—because of the failure of the appellate division of the Customs Court to make findings of fact and conclusions of law, as required by section 501, *supra*. Furthermore, counsel in his brief in this case has supported appellant's assignment of error by correctly stating the law and has cited and quoted from decisions of this court holding that it is reversible error for the appellate division of the Customs Court to fail to set

forth in its decision facts upon which its decision is based, and the reasons therefor.

Counsel might have facilitated the disposition of the cause had it called to the attention of the courts below that neither court had stated the facts upon which their decisions were based, or the reasons therefor, as required by section 501, *supra*.   Had it done so, delay in the final disposition of the issues of the case might have been avoided.

We are in agreement with the quoted statement properly made by the assistant attorney general.   Accordingly, for the reasons stated, the judgment of the appellate division of the Customs Court is *reversed* and the cause *remanded* for proceedings consistent with the views herein expressed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.